## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

---

SUE VANDERVORT,

                        Plaintiff,

            v.                                          DECISION
                                                        and ORDER

                                                        06-CV-6359-CJS

MICHAEL J. ASTRUE,[1] COMMISSIONER
OF SOCIAL SECURITY

                        Defendant.

---

## INTRODUCTION

Plaintiff Sue Vandervort brings this action pursuant to the Social Security Act, (codified in relevant parts at 42 U.S.C. § 401 et. seq. and 42 U.S.C. § 1381 et. seq.) claiming that the Commissioner of Social Security improperly denied her application for disability insurance benefits. Specifically, plaintiff alleges that the decision of an was erroneous and not supported by the substantial evidence contained in the record, or was contrary to law.

The Commissioner moves for judgment on the pleadings on grounds that the decision of the Administrative Law Judge ("ALJ") was correct, was supported by substantial evidence, and was made in accordance with applicable law. Plaintiff opposes defendant's motion and has cross-moved for judgment on the pleadings. For the reasons stated below, the Commissioner's motion for judgment on the pleadings is denied, plaintiff's motion is granted, the Commissioner's decision is reversed, and the case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g).

---

[1]Mr. Astrue was sworn in as Commissioner on February 12, 2007. *See* "Michael J. Astrue Sworn in as Commissioner of Social Security" (Social Security Press Release, Feb. 12, 2007), *available at* http://www.ssa.gov/pressoffice/pr/astrue-pr.htm (last checked Feb. 26, 2007). He is hereby substituted pursuant to Federal Rule of Civil Procedure 25(d)(1) for Ms. Barnhart.

**BACKGROUND**

On August 20, 2003, plaintiff, at the time 32 years of age, applied for Social Security disability benefits claiming that she has been unable to work since August 14, 2001, due to a left knee injury. (Record, at 141.) Plaintiff's application was initially denied, and she requested a hearing. The hearing was held on September 2, 2005, via video teleconference in Washington, D.C., and Rochester, New York, before ALJ Larry K. Banks who issued a decision on January 30, 2006, finding that plaintiff was not disabled. The Appeals Council denied plaintiff's request for review on June 29, 2006, making the ALJ's decision the final decision of the Commissioner. Plaintiff filed this action for review on July 17, 2006.

**DISCUSSION**

I.      Jurisdiction and Scope of Review

This court has jurisdiction to hear claims based on the denial of Social Security benefits. 42 U.S.C. § 405(g). Additionally, the statute directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v NLRB*, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. *See, Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating a plaintiff's claim. The Court is obligated to "scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Lynn v. Schweiker*, 565 F. Supp 265, 267 (S.D. Tex. 1983) (citation omitted).

Here, as indicated both sides have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings in favor of the Commissioner would be appropriate. *See, Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, because the Court determines that the findings of the Commissioner are not supported by substantial evidence contained in the record, the Commissioner's motion for judgment on the pleadings must be denied, and therefore, plaintiff's cross-motion for judgment on the pleadings is granted.

II.     The Record Filed with the Court Is Sufficient.

As required by 42 U.S.C. § 405(g), the Commissioner filed a Record with the Court which included a transcript of the September 2, 2005 hearing. (Record, at 479-527.) Testimony by the vocational expert at step five of the sequential analysis was critical to the ALJ's decision that plaintiff could perform certain jobs, which plaintiff contends in her cross-motion are beyond her physical capabilities. Since the ALJ's question was not completely transcribed, the Court is unable to determine directly whether the hypothetical limitations corresponded to plaintiff's condition. Specifically, the ALJ asked the vocational expert:

> Hypothetical two is the same as one, except the person is limited to performing no more than (inaudible).

(Record, at 510.) In response to this question, the vocational expert testified,

> Your Honor, from the sedentary unskilled occupational base, I offer the following examples. The position of, again, security worker. However, this time the individual would be monitoring surveillance equipment and/or other type of equipment, or being seated and looking at the entrance or exit to a secured building. DOT 379.367-010. Nationally, 52,000. In the local economy, 300. Second example would be that of quality control worker. DOT

737.687-026. Nationally, 41,000. 250 in the local economy.… A third example would be that of dispatcher. DOT 222.587-038. Nationally, 38,000. 200 in the local economy.

(Record, at 510-11.) In his decision, the ALJ specifically found that plaintiff could perform those three jobs described by the vocational expert. (Record, at 37.)

Plaintiff alleges that the missing portion of the ALJ's hypothetical question makes it impossible for the Court to determine whether the ALJ's conclusion is supported by substantial evidence in the Record  (Pl.'s Mem. of Law, at 12). *See Pratts v. Chater*, 94 F. 3d 34, 38 (2d Cir. 1996) (transcript of hearing found insufficient where critical medical testimony was not transcribed). In that regard, a vocational expert's answers to hypothetical questions that improperly characterize the claimant's capabilities will not provide substantial to support the Commissioner's determination that a claimant can perform work. *See Aubeuf v. Schweiker*, 649 F.2d 107, 114 (2d Cir. 1981) ("The vocational expert's testimony is only useful if it addresses whether the particular claimant, with his limitations and capabilities, can realistically perform a particular job."); *Mathews v. Barnhart*, 412 F. Supp. 2d 274, 285 (W.D.N.Y. 2006) ("Hypothetical questions constructed to assist a vocational expert in determining whether there are any employment possibilities for a claimant are defective where they do not account for his actual limitations.").

However, the Commissioner argues in his reply memorandum that the missing portion of the hypothetical question can be discerned  from the vocational expert's answer. (Def.'s Reply Mem. of Law, at 3.) The Court concurs and finds that the missing portion of the ALJ's hypothetical question was sufficiently filled in by the vocational expert's detailed answer.

III.     The Vocational Expert's Foundation Was Not Established.

Plaintiff next contends that the vocational expert's testimony lacks a foundation. (Pl.'s Mem. of Law, at 14.) He alleges that, "when challenged on cross-examination, the [vocational expert] was unable or unwilling to provide an adequate foundation for [his]

testimony." (*Id.*, at 15.) When the ALJ precluded further cross-examination on the vocational expert's foundation, plaintiff's counsel stated on the record that he was attempting to determine how the expert arrived at the starting figure of jobs nationally, as well as, the basis for his determination from those starting national numbers that certain numbers of those jobs existed locally. (Record, at 520-21.)

Relying on *Bayless v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005), the Commissioner argues that the ALJ was entitled to rely on the vocational expert's qualifications as a foundation for his testimony as to the number of jobs in the economy. (Def.'s Reply Mem. of Law, at 2.) In its decision, the Ninth Circuit held,

> An ALJ may take administrative notice of any reliable job information, including information provided by a [vocational expert]. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). A [vocational expert]'s recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required.

*Bayliss*, 427 F.3d at 1218. In *Johnson*, the Ninth Circuit wrote,

> We make explicit here that an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation. Here, there was persuasive testimony of available job categories in the local rather than the national market, and testimony matching the specific requirements of a designated occupation with the specific abilities and limitations of the claimant.

*Johnson*, 60 F.3d at 1435. As plaintiff points out in her reply memorandum of law, at 2, though, the *Johnson* decision does not provide support for the panel's holding in *Bayliss* that all vocational expert testimony provides its own foundation.[2] As the Seventh Circuit wrote in *McKinnie v. Barnhart*, 368 F.3d 907 (7th Cir. 2004):

> We have recognized that the standards by which an expert's reliability is measured may be less stringent at an administrative hearing than under the Federal Rules of Evidence. *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002). Nevertheless, because an ALJ's findings must be supported by substantial evidence, an ALJ may depend upon expert testimony only if the testimony is reliable. *Id.* ("Evidence is not 'substantial' if vital testimony has been conjured out of whole cloth."); *see also Consol. Coal Co. v. Stein*, 294

---

[2]The Court also notes that *Shepard's*® does not show any case citing to *Bayliss* with regard to headnote nine, the headnote under which the above quotation is catagorized in LexisNexis®.

> F.3d 885, 893 (7th Cir. 2002) (parties to an administrative proceeding must satisfy the ALJ that their experts are qualified). A vocational expert is "free to give a bottom line," but the data and reasoning underlying that bottom line must be "available on demand" if the claimant challenges the foundation of the vocational expert's opinions. *Donahue*, 279 F.3d at 446. "If the basis of the vocational expert's conclusions is questioned at the hearing . . . then the ALJ should make an inquiry . . . to find out whether the purported expert's conclusions are reliable." *Id*.

*McKinnie*, 368 F.3d at 910-11. The Court is persuaded by the Seventh Circuit's decision in *McKinnie* that although the evidentiary standards are not the same as under the Federal Rules of Evidence, nevertheless, even in an administrative hearing, the foundational basis for an expert's opinion must be known before that opinion can be considered.[3] Further, the Court also agrees with plaintiff's argument that the ALJ improperly cut-off inquiry into the vocational expert's foundation. 5 U.S.C. § 556(d); 20 C.F.R. § 404.929; HALLEX I-2-6-74(C); *see McLaughlin v. Secretary*, 612 F.2d 701, 702 (2d Cir. 1980). Accordingly, the ALJ's decision must be reversed and the matter remanded to correct this legal error.

III.     The Vocational Expert's Testimony Was At Odds With the DOT.

The vocational expert testified that plaintiff could perform, *inter alia*, the job of security worker, DOT 379-367.010. (Record, at 510.) The hypothetical question the ALJ posed[4] to the vocational expert to elicit this response included the following factor: "I'm going to limit the person to performing simple, routine, unskilled tasks, involving no more than minimal contact with the public, co-workers, and supervisors." (Record, at 509.) Plaintiff points out, and the Commissioner does not disagree, that DOT 379-367.010

---

[3]In a letter to the Court dated May 15, 2007, plaintiff's counsel cited the Ninth Circuit's decision in *Massachi v. Astrue*, No. 05-55201, 2007 WL 1377614, 2007 U.S. App. LEXIS 11115 (9th Cir. May 11, 2007). In that decision, the Ninth Circuit wrote, "We must decide for the first time whether, in light of the requirements of Social Security Ruling ("SSR") 00-4p, an administrative law judge ("ALJ") may rely on the testimony of a vocational expert regarding the requirements of a particular job without first inquiring whether that expert's testimony conflicts with the Dictionary of Occupational Titles. Consistent with other circuits that have considered this question, we hold that an ALJ may not."

[4]This factor was actually included in the first hypothetical question, but the ALJ told the vocational expert that "[h]ypothetical two is the same as one, except the person is limited to performing no more than (INAUDIBLE)." (Record, at 510.)

mandates a "reasoning level" of three, which requires the ability to "apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." (Record, at 218.) Consequently, the vocational expert's conclusion was at odds with the DOT description of the position. *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (simple and routine work tasks limitation inconsistent with the demands of level-three reasoning).

As the Ninth Circuit held in *Johnson*, "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson*, 60 F.3d at 1435. Further, as plaintiff also points out, the ALJ's hypothetical limited the individual described as limited to "no more than minimum contact with co-workers, supervisors, or the public." (Record, at 511.) The DOT description of the job shows that it requires talking and hearing "[f]requently — exists from 1/3 to 2/3 of the time." (Record, at 220.) The Court agrees with plaintiff's conclusion that this means an employee in a security position described by the vocational expert would be required to interact with at least co-workers, or supervisors from one-third to two-thirds of the work day. Therefore, the Court finds that the vocational expert's opinion is a deviation from the DOT description. The Commissioner counters that this deviation is irrelevant, since the ALJ did not incorporate the limitations described above in his residual functional capacity ("RFC") finding. (Def.'s Reply Mem. of Law, at 2; Record, at 33.) However, the Court disagrees and notes that a portion of the ALJ's RFC determination is that "she had moderate difficulties in social functioning which prevents her from having more than minimal contact with co-workers, supervisors or the public." (Record, at 33.)

The Court further finds that the vocational expert's opinion also deviated from the DOT description of both the quality control worker (DOT 737.687-026) and dispatcher (DOT 222.587-038) jobs. The hypothetical question the ALJ posed identified an individual

limited to no more than occasional grasping and handling of objects. (Record, at 509 ("The individual should not be required to do more than occasional grasping or handling of objects during a workday.").) However, the quality control position requires constant reaching and handling, and the dispatcher job requires frequent handling and reaching. (Record, at 215, 236.)

Accordingly, the vocational expert's conclusion that the hypothetical individual described by the ALJ could perform any of the three positions despite her limitations is a deviation from the DOT descriptions of the positions. Since the record does not contain persuasive evidence to support the deviations, the ALJ's decision must be reversed.

III.     The Alj's Residual Functional Limitation Determination Is Not Supported by Substantial Evidence.

The Court agrees with plaintiff's position that the ALJ failed to comply with Social Security Ruling ("SSR") 96-8p, which required him to include a narrative discussion describing how the evidence supported his RFC determinations. The Court is, therefore, unable to determine whether the ALJ arrived at his RFC determinations by an inconsistent use of the medical evidence, see Shaw v. Chater, 221 F.3d 126, 135 (2d Cir. 2000), or by selecting findings from different sources, without relying on any specific medical opinion, See Dailey v. Barnhart, 277 F. Supp. 2d 226, 235 (W.D.N.Y. 2003). Further, the ALJ's RFC determination does not comply with the requirements of the Commissioner's regulations at 20 C.F.R. §§ 404.1545 and 416.945. SSR 96-8p (Jul. 2, 1996) ("The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy."). Therefore, the ALJ's decision must be reversed and the case remanded to properly assess plaintiff's RFC.

IV.   The ALJ's Credibility Finding

Plaintiff contends that, contrary to the requirements of SSR 96-7p, the ALJ's credibility determination was not grounded in the evidence and articulated in the decision. (Pl.'s Mem. of Law, at 20.) The ALJ wrote that after examination of the Record, plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms[,]" but that her "statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." (Record, at 34.) Since the Court is reversing the ALJ's decision for legal error, as described above, at the new hearing, the ALJ can assess plaintiff's credibility in accord with SSR 96-7p.

**CONCLUSION**

For the reasons set forth above, the Court grants plaintiff's cross-motion (# 6) for judgment on the pleadings, and denies defendant's motion (# 3) for judgment on the pleadings. This action is remanded under the fourth sentence of 42 U.S.C. § 405(g) to the Commissioner.

IT IS SO ORDERED.

Dated:   May 24, 2007
         Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge